# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| PAUL WILLIAM WILSON, | : | |
| Petitioner, | : | |
| | : | NO. 5:10-CV-156 (CAR) |
| VS. | : | |
| DONALD BARROW, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is respondent Donald Barrow's motion seeking dismissal of the above-captioned petition. Tab #9. Therein, respondent Barrow contends that the instant petition is due to be dismissed as untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Petitioner Paul William Wilson has responded to the motion. Tab #12. The motion is ripe for review.

## FACTUAL AND PROCEDURAL HISTORY

On September 3, 1996, petitioner Wilson was indicted by a Brooks County, Georgia grand jury for the offenses of malice murder, false imprisonment, theft by taking a motor vehicle, and concealing the death of another. Venue was later changed to Bibb County, Georgia where the petitioner was tried before a jury from February 28, 2000 through March 11, 2000. The petitioner was found guilty on all counts. For the offense of malice murder, the jury recommended a sentence of life imprisonment without parole. The petitioner was sentenced in accordance therewith, and was also given ten (10) years for false imprisonment, consecutive; ten (10) years for theft by taking a motor vehicle, consecutive; and twelve (12) months imprisonment for concealing the death of another, consecutive.

On April 11, 2000, petitioner Wilson filed a notice of appeal in the Superior Court of Brooks County, Georgia. On April 13, 2000, he filed a notice of appeal in the Superior Court of Bibb County. He amended this notice of appeal on May 5, 2000, and again on September 26, 2000. The appeal was docketed in the Supreme Court of Georgia on August 28, 2001. On March 29, 2002, the Court affirmed the petitioner's convictions and sentences. *See* Wilson v. State, 275 Ga. 53 (2002).

On July 18, 2008, the petitioner filed an application for a writ of habeas corpus in the Superior Court of Hancock County, Georgia. The respondent in that case moved to dismiss the petition as untimely. The matter came on for a hearing on August 19, 2009. On September 19, 2009, the motion was granted and the petition dismissed. On April 14, 2010, the petitioner executed the instant federal petition. Respondent Barrow then filed the instant motion seeking dismissal.

## DISCUSSION

Because this federal petition was filed outside the applicable limitations period, and because the petitioner has failed to show any cause for tolling the limitations period, the petition must be dismissed. The AEDPA sets forth a one (1) year statute of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, the petitioner's convictions became final on June 27, 2002, the date upon which the ninety (90) day period for filing a petition for a *writ of certiorari* in the United States Supreme Court pursuant to Rule 13 of the Rules of the United States Supreme Court expired. Consequently, and in accordance with 28 U.S.C. §2244(d), the petitioner had until no later than June 27, 2003 in which to file a state collateral attack or federal petition. The petitioner failed to file any such action within the limitations period. Thus, the only way consideration of this petition on its merits would be possible would be upon a showing by the petitioner that he is entitled to the extraordinary remedy of equitable tolling.

Petitioner has failed to show that he is entitled to equitable tolling of the limitations period. To be entitled to equitable tolling, a party must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. Diguglielmo, 544 U.S. 408, 418 (2005)). Petitioner states that he was delayed in filing his state habeas petition because his attorney had failed to notify him of the outcome of his appeal and refused to provide him with a copy of his trial transcript. Petitioner has not shown, however, that he was diligent in pursuing his rights, as he has failed to explain why he waited until 2007, as long as six (6) years after his appeal was docketed in the Supreme Court of Georgia, to make further investigation into the outcome of the appeal.

In view of the above, the amount of un-tolled time that elapsed between the petitioner's convictions becoming final and his execution of the instant federal habeas action totaled no less than two-thousand-eight-hundred-forty-eight (2848) days. This amount of time far exceeds the one (1) year period of limitations. Accordingly, IT IS RECOMMENDED that the respondent's motion seeking dismissal be GRANTED and the instant petition DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the <u>last address</u> provided by him.

SO RECOMMENDED, this 17th day of November, 2010.

                                                      s/ Charles H. Weigle
                                                      Charles H. Weigle
                                                      United States Magistrate Judge